UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,
Plaintiff,
v.
JOHN DOE subscriber assigned IP address 70.95.65.93,
Defendant.

Case No.: 3:26-cv-04159-RBM-JLB

**ORDER GRANTING *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**[ECF No. 4]**

Before the Court is Plaintiff's *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 4.) No opposition has been filed, as no defendants have been served or named in this case. For the reasons set forth below, the Application is **GRANTED**.

## I. BACKGROUND

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") alleges copyright infringement against a John Doe defendant. (ECF No. 1 ("Complaint").) Plaintiff alleges that it is the copyright owner of motion pictures distributed through adult content websites *Blacked, Blacked Raw, MILFY, Slayed, Tushy, Tushy Raw, Vixen,* and *Wifey*. (*Id.* at ¶¶ 2, 3.) Plaintiff alleges that

between May 8, 2024, and June 18, 2026,[1] the person or entity assigned Internet Protocol ("IP") address 70.95.65.93 illegally downloaded and distributed fifty-five (55) of Plaintiff's motion pictures through use of the online BitTorrent File Distribution Network. (*Id.* at ¶¶ 4, 12, 33–47.) On May 22, 2026, Plaintiff filed this action against Defendant "John Doe subscriber assigned IP address 70.95.65.93." (ECF No. 1.) The Complaint alleges a single count of direct copyright infringement. (*Id.* at ¶¶ 51–56.)

Since Defendant used the internet to anonymously commit the alleged infringement, Plaintiff knows Defendant only by his, her, or its IP address that Plaintiff believes was assigned to Defendant by the Internet Service Provider ("ISP") Spectrum. (*Id.* at ¶ 5.) In the Application before the Court, Plaintiff asserts that Spectrum is the owner of Defendant's IP address and, thus, "is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." (ECF No. 4-1 at 7.) Therefore, Plaintiff seeks leave to serve a Rule 45 subpoena on Spectrum to obtain the name and address associated with the IP address in question. (*Id.* at 8.)

## II. LEGAL STANDARD

Discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order. Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of

---

[1] Although Plaintiff does not specifically allege the infringement period in the Complaint, ECF No. 1-2 is a table reflecting the alleged infringing activity that the subscriber assigned IP address 70.95.65.93 engaged in between May 8, 2024, and June 18, 2026. (ECF No. 1-2.)

justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Colombia Ins. Co.*, 185 F.R.D. at 578.

District courts in the Ninth Circuit apply a three-factor test to determine whether good cause exists to allow for expedited discovery to identify a Doe defendant. *Id.* at 578–80. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* "Lastly, the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

## III. DISCUSSION

### A. Identification of Missing Party with Sufficient Specificity

For the Court to grant Plaintiff's Application, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine whether Defendant is a real person or entity who is subject to the Court's jurisdiction. *See Colombia Ins. Co.*, 185 F.R.D. at 578. The Court finds that Plaintiff has met this burden.

Courts in the Ninth Circuit have found that "a plaintiff identifies Doe defendants with sufficient specificity" in cases such as this one "by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808*

*Holdings, LLC v. Collective of December 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91,* No. 12cv00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012); *see also Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N. D. Cal. June 21, 2011) (finding that the plaintiff met its burden to identify the Doe defendants with sufficient specificity by identifying the Doe defendants' IP addresses and then using geolocation technology to trace the IP addresses to a point of origin).

Here, Plaintiff has sufficiently demonstrated that Defendant is likely subject to the Court's jurisdiction. Plaintiff attached to its Complaint a table reflecting that the subscriber assigned IP address 70.95.65.93 engaged in allegedly infringing activity between May 8, 2024, and June 18, 2026, in San Diego, California. (ECF No. 1-2.) To substantiate its claims, Plaintiff attached four supporting declarations. (ECF No. 4-2.)

The first is the declaration of Jorge Arco, an employee of Plaintiff's parent company, General Media Systems. (ECF No. 4-2 at 2–19.) Within his declaration Arco describes that pirated content is a significant issue, and why Plaintiff's Infringement Detection System, VXN Scan, and its Cross Reference Tool were developed. (*Id*. at 7–10.) Through these systems, including BitTorrent, relevant software, and the PCAP Recorder, Plaintiff can identify and capture the identifying IP address used for infringing transactions. (*Id*. 10–16.) The ISP that assigned a particular IP address, as well as the city and state that the IP address traces to, is then determined with the help of the Maxmind database. (*Id*. at 17.) Arco's ninety-two-paragraph declaration sets forth additional, in-depth details of all six components of the system, providing the Court with a thorough understanding of how the system reliably identifies the IP addresses assigned to individuals infringing Plaintiff's movies and verifies the infringement. (*See id*. at 10–18.)

The second declaration is by Patrick Paige, a computer forensics expert retained by Plaintiff to analyze and maintain evidence captured by VXN Scan. (ECF. No 4-2 at 21–26.) Paige explains that VXN Scan "recorded numerous BitTorrent computer transactions between the system and IP address 70.95.65.93 in the form of PCAPs." (*Id*. at 23.) Paige

declares that using a program called Wireshark, he viewed and analyzed a PCAP received from Plaintiff and was able to confirm that on June 18, 2026, "IP address 70.95.65.93 uploaded a piece or pieces of a file" with a hash value that identified Plaintiff's playable movie files. (*Id*. at 24.) Based on Paige's experience in similar cases, he also declares that Spectrum, Defendant's ISP, "is the only entity that can correlate the IP address [70.95.65.93] to its subscriber and identify Defendant as the person assigned the IP address 70.95.65.93 during the time of the alleged infringement." (*Id*. at 26.)

The third declaration is by Susan B. Stalzer, an employee of Plaintiff. (ECF No. 4-2 at 28–30.) Ms. Stalzer declares that she verified that each digital file VXN Scan received through its transactions with IP address 70.95.65.93 were identical, strikingly similar, or substantially similar to one of Plaintiff's original copyrighted works. (*Id*. at 29–30.) As part of the verification process, Stalzer confirms that she viewed each of the digital media files side-by-side with Plaintiff's original motion pictures. (*Id*. at 29.)

The last declaration is from Emilie Kennedy, Plaintiff's in-house General Counsel. (ECF No. 4-2 at 32–34.) Kennedy explains that after Plaintiff received data from VXN Scan identifying IP address 70.95.65.93 as infringing its movies, it employed Maxmind's geolocation technology to locate the IP address within the Southern District of California.[2] (*Id*. at 33.)

Based on the timing of the IP tracing efforts employed by Plaintiff, the documented success of the Maxmind's geolocation service and tracing of IP address 70.95.65.93 to within San Diego, the Court concludes that Plaintiff has met its evidentiary burden of showing that the IP address likely relates to a physical address within the Court's

---

[2] As noted by Plaintiff, this Court has previously accepted Maxmind's geolocation service to determine location of IP addresses. (ECF No. 4-1 at 13) (citing *Strike 3 Holdings v. Doe*, No. CV 17-2317-JAH (BLM), 2017 WL 6389848, at *2 (S.D. Cal. Dec. 14, 2017); *Cell Film Holdings, LLC v. Doe*, No. CV 16-2584-BEN (BLM), 2016 WL 6523432, at *2 n.2 (S.D. Cal. Nov. 3, 2016); *Criminal Prods., Inc. v. Doe*, No. CV 16-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016)).

jurisdiction. Accordingly, the Court finds Plaintiff has sufficiently satisfied the first prong of the "good cause" test.

**B. Previous Attempts to Locate Defendant**

Next Plaintiff must identify all the steps it took to locate Defendant to demonstrate to the Court that it has made a good faith effort to identify and serve process on Defendant. *Columbia Ins. Co*., 185 F.R.D. at 579. The Court finds that Plaintiff has met this burden.

Plaintiff maintains that is has "diligently attempted to correlate Defendant's IP address to Defendant by searching for Defendant's IP address on various web search tools." (ECF No. 4-1 at 14.) Plaintiff has also "review[ed] numerous sources of authority" such as "legislative reports, agency websites, informational technology guides, [and] governing case law" regarding whether it is possible to identify such a defendant by other means. (*Id.*) Finally, Plaintiff "discussed the issue at length with computer investigators and cyber security consultants." (*Id.*) Plaintiff contends that subpoenaing the information from Defendant's ISP is the only remaining avenue by which Defendant can be identified. (*See id.*)

Plaintiff's contention is supported by the declaration of its retained computer forensics expert who determined that IP address 70.95.65.93 was engaged in the allegedly infringing activity on June 18, 2026. (*See* ECF No. 4-2 at 23–26.) Plaintiff's expert also declares that "Defendant's ISP Spectrum is the only entity that can correlate IP address [70.95.65.93] to its subscriber and identify Defendant as the person assigned this IP address during the time of the alleged infringement." (*Id.* at 26.)

Based on the foregoing, the Court is satisfied that Plaintiff has made a good faith effort to locate Defendant and that Plaintiff cannot, on its own, locate Defendant with any greater specificity than it already has. Accordingly, the Court finds that Plaintiff has sufficiently satisfied the second prong of the "good cause" test.

**C. Whether Plaintiff's Complaint Could Withstand a Motion to Dismiss**

Lastly, Plaintiff must establish that its Complaint could survive a motion to dismiss. *Columbia Inc. Co.,* 185 F.R.D. at 579. The Court finds that Plaintiff has met this burden.

Plaintiff's Complaint alleges a single claim for relief against Defendant, namely direct copyright infringement. (ECF No. 1 at 8–9.) To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a claim for direct copyright infringement, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc., v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017).

Here, Plaintiff purports to be the owner of the fifty-five (55) copyrighted movies or works at issue and asserts that each work was registered with the United States Copyright Office. (ECF No. 1 at ¶¶ 1, 4, 49; ECF No. 4-1 at 16.) The exhibit attached to the Complaint shows the hash values of the purportedly infringed works and the copyright registration number for each of the works that correspond with those hash values. (ECF No. 1-2.) Plaintiff further alleges that it has verified that Defendant is the user behind IP address 70.95.65.93 who used the BitTorrent file network to "download . . . , cop[y], and distribute . . . Plaintiff's Works without authorization," and that the infringement was "continuous and ongoing." (ECF No. 1 at ¶¶ 12, 34, 47, 48.) Lastly, Plaintiff alleges that "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." (*Id.* at ¶ 54.) Plaintiff has, therefore, alleged the *prima facie* elements of direct copyright infringement. Thus, the Court concludes Plaintiff's suit against Defendant will likely withstand a motion to dismiss. Accordingly, the Court finds that Plaintiff has sufficiently satisfied the third prong of the "good cause" test.

///

**D. Specific Discovery Request**

Finally, before the Court grants Plaintiff's Application, Plaintiff "should file a request for discovery with the Court." *Columbia Ins. Co.*, 185 F.R.D. at 580. Although Plaintiff did not provide the Court with a proposed subpoena, there is sufficient information before it for the Court to determine sufficient identifying information that would make service of process on Defendant possible. And Plaintiff maintains the subpoena it intends to issue upon Spectrum "will only demand the true name and address of Defendant," the subscriber of IP address 70.95.65.93. (ECF No. 4-1 at 8.)

**E. Additional Considerations**

Despite Plaintiff's representations of good faith (ECF No. 1 at ¶ 46; ECF No. 4-1 at 9–10), the Court continues to share the concerns noted by other courts in this District regarding "unscrupulous tactics used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses to exact quick and quiet settlements from possibly innocent defendants who pay out only to avoid potential embarrassment." *Malibu Media, LLC v. Doe*, No. 3:16-cv-00786-JLS-NLS, 2016 WL 9488778, at *4 (S.D. Cal. May 6, 2016) (quoting *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950 (JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012)). To protect Defendant's privacy, a limited protective order is appropriate.

**IV. CONCLUSION**

For the reasons set forth above, the Court finds good cause to grant Plaintiff leave to serve a Rule 45 subpoena upon Spectrum in advance of the Rule 26(f) conference. Accordingly, the Court **GRANTS** Plaintiff's Application (ECF No. 4) and **ORDERS** as follows:

1. Plaintiff may serve on Spectrum a subpoena, pursuant to and in compliance with the procedures of Federal Rule of Civil Procedure 45, seeking only the **name and address** of the subscriber assigned IP address 70.95.65.93 for the relevant period of the alleged infringement. Plaintiff shall not seek from Spectrum any other personally identifiable information about the subscriber.

2. Plaintiff's subpoena to Spectrum must provide a minimum of forty-five (45) calendar days' notice before any production responsive to the subpoena shall be made to Plaintiff.

3. At the time Plaintiff serves its subpoena on Spectrum, Plaintiff shall also serve on Spectrum a copy of this Order.

4. Within fourteen (14) calendar days after service of the subpoena, Spectrum shall notify the subscriber assigned IP address 70.95.65.93 that his, her, or its identity has been subpoenaed by Plaintiff **and** shall provide the subscriber a copy of this Order with the required notice.

5. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge Spectrum's disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena.

6. If Spectrum seeks to modify or quash the subpoena, it shall do so as provided by Federal Rule of Procedure 45(d)(3).

7. In the event a motion to modify, quash, or otherwise challenge the subpoena is brought properly before the Court, Spectrum shall preserve the information sought by the subpoena pending resolution of any such motion.

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Spectrum for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

9. If Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information.

**IT IS SO ORDERED.**

Dated: August 6, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge